# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                                     No. CR 06-0661 JB

EDMUND COHOE, JR.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Edmund Cohoe's Motion for Weekend Furlough, filed July 5, 2006 (Doc. 22)("Motion for Furlough"). The Court held a hearing on the motion on July 14, 2006. The primary issue is whether the Court should permit Cohoe to leave the La Pasada Halfway House in the third-party custody of his mother for a weekend. For the reasons stated at the hearing on this motion, and for reasons consistent therewith, the Court grants the motion in part and will permit Cohoe to spend eight hours with his mother, Lorencita Cohoe, on Saturday, July 15, 2006, and eight hours with his mother on Sunday, July 16, 2006.

## FACTUAL BACKGROUND

On March 31, 2006, the United States filed an Information charging Cohoe with sexual abuse of a minor in violation of 18 U.S.C. §§ 2243(a) and 2246(2)(A). See Information, filed March 31, 2006 (Doc. 14). Cohoe pled guilty to the charge contained in the Information on the same day. See Plea Agreement ¶ 3, at 2, filed March 31, 2006 (Doc. 17).

Cohoe has been in the third-party custody of the La Pasada Halfway House in Albuquerque, New Mexico since February 13, 2007. See Order, filed February 13, 2006 (Doc. 6). Cohoe's

conditions of release include that he is not to have contact with his wife and his children, one of which is the victim in this case. See Memorandum from Jason C. Beaty (United States Probation Officer) to the Court, Response to Defendant's Motion for Furlough at 1-2, dated July 13, 2006 ("USPO's Response").

Cohoe is a former firefighter and emergency medical technician in Gallup, New Mexico. See Transcript of Hearing at 3:10 (Dunleavy)(taken July 14, 2006)("Transcript").[1] During his time at La Pasada, Cohoe has remained compliant with all conditions of release and halfway house programs. See id. He has participated in a weekly mental health group counseling session and has maintained employment at McCrary's Electric in Albuquerque. See id. Cohoe is subject to random urine testing and breathalyzer analysis, and has returned negative results on all such tests. See id. Cohoe has previously been granted social requests of up to four hours on weekend days, and he has returned to La Pasada without incident. See id.

Cohoe's mother, Lorencita Cohoe, resides in Tohatchi, New Mexico. See Motion for Furlough ¶ 2, at 1. Ms. Cohoe began working for the Bureau of Indian Affairs in 1967, see Transcript at 4:1-2 (Dunleavy), and has worked for the federal government for over twenty years, see Motion for Furlough ¶ 2, at 1. Ms. Cohoe currently drives a school bus for the Chuska Community School in Tohatchi. See id.

## PROCEDURAL BACKGROUND

The Court held a sentencing hearing in this case on July 20, 2006. See Clerk's Minutes, Sentencing Proceeding Before Judge Browning, filed July 20, 2006 (Doc. 25). Approximately two

---

[1]The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

weeks before the sentencing, on July 5, 2006, Cohoe filed this motion for furlough. Cohoe requests the Court release him to his mother's third-party custody on Friday, July 14, 2006, and permit him to remain in Ms. Cohoe's custody until she returns him to La Pasada on Sunday, July 16, 2006.[2] See id. ¶ 3, at 1-2. Cohoe requests the Court schedule a hearing on this motion on or before Friday, July 14, 2006, and represents that his mother will attend the hearing and will be available to answer any questions the Court may have. See id. ¶ 6, at 2.

The United States opposes Cohoe's request for furlough. See id. ¶ 5, at 2. The United States Probation Office ("USPO") also opposes this request. See USPO's Response at 1. The USPO indicates that, if the request were granted, it would not be capable of ensuring that Cohoe has no contact with his wife and children during the time he was absent from official supervision. See id. at 1-2. The USPO suggests that, in the alternative, Cohoe be granted social time away from La Pasada, during the day, for a period not to exceed six hours each day. See id. at 2.

## ANALYSIS

Cohoe represents that he makes this request because he anticipates receiving a term of imprisonment at the July 20, 2006 sentencing, and wishes to spend a weekend with his mother before serving his sentence. See Motion for Furlough ¶ 3, at 2. Cohoe states that he and Ms. Cohoe will visit at a local hotel in Albuquerque. See id. He maintains that there is not a comfortable meeting place for personal visits at La Pasada. See Transcript at 3:17-20 (Dunleavy). Cohoe asserts that he has no plans to visit with his children or their mother. See id. at 4:25-5:2 (Dunleavy).

The United States contends that there is a level of risk involved anytime a sex offender is

---

[2]Cohoe's motion requests that he be allowed to remain on furlough in his mother's custody until Sunday, July 17, 2006. July 17, 2006 is a Monday. The Court assumes his motion requests that he be allowed to remain in Ms. Cohoe's custody until Sunday, July 16, 2006.

given an opportunity to be unsupervised, even when the individual has performed as well as Cohoe under supervision. See id. at 6:17-21 (Hanisee). The United States emphasizes that Cohoe is being imprisoned after pleading guilty for "what is really one of society's worst possible offenses." Id. at 6:22-23 (Hanisee).

The United States admits, however, that Cohoe is "certainly unique among sex offenders," in that he has accepted responsibility since the initiation of this case and has performed well under the conditions of his release. Id. at 6:23-7:3 (Hanisee). At the hearing on this motion, the United States' counsel stated that, while he continued to object to Cohoe's request, he believed that the USPO's recommendation consisting of six hours social time on consecutive days was an appropriate and suitable compromise. See id. at 6:12-16; 7:7-16 (Hanisee)("I believe that's a reasonable middle ground, Your Honor, and one that the Court should be comfortable in granting.").

After the United States limited its objection at the hearing, Cohoe acknowledged that the USPO's recommendation was reasonable, but asked the Court to lengthen each visit to eight hours. See id. at 8:8-11 (Dunleavy). Neither the United States nor the USPO objected to extending the length of the visits to eight hours each. See id. at 8:21 (Hanisee); 8:24-25 (USPO). The USPO asked the Court, however, to impose that, as an additional condition, if Cohoe were to return to La Pasada after 4:00 p.m. on Saturday, July 15, 2006, he would not be permitted to leave with his mother on Sunday, July 16, 2006. See id. at 8:25-9:3 (USPO).

The Court agrees with the parties that, under the circumstances, the compromise the USPO recommended is reasonable and appropriate. The Court will grant Cohoe eight hours social time away from La Pasada, and in the custody of his mother, on Saturday, July 15, 2006 and Sunday, July 16, 2006. Cohoe may spend time with his mother between 8:00 a.m. and 4:00 p.m. each day. He

must contact La Pasada at noon each day to confirm that he is alright. If Cohoe returns to La Pasada after 4:00 p.m. on Saturday, July 15, 2006, he will not be permitted to leave the facility in his mother's custody on Sunday, July 17, 2006. Cohoe must also ensure that he is not around children during the visiting period.

**IT IS ORDERED** that Cohoe's Motion for Weekend Furlough is granted in part and denied in part. Cohoe may spend time with his mother, in her custody, between 8:00 a.m. and 4:00 p.m. each day, on Saturday, July 15, 2006 and Sunday, July 16, 2006. He must contact La Pasada at noon each day to confirm that he is alright. If Cohoe returns to La Pasada after 4:00 p.m. on Saturday, July 15, 2006, he will not be permitted to leave the facility in his mother's custody on Sunday, July 17, 2006. Cohoe must also ensure that he is not around children during the visiting period.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney
J. Miles Hanisee
  Assistant United States Attorney
Albuquerque, New Mexico

　　*Attorneys for the Plaintiff*

Susan Bronstein Dunleavy
  Assistant Federal Public Defender
Federal Public Defender
Albuquerque, New Mexico

　　*Attorneys for the Defendant*